UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

UNIVERSAL TOWERS CONSTRUCTION,                CASE NO. 6:20-bk-03799
INC.,                                          Chapter 11

       Debtor.

_____/

**DEBTOR'S EMERGENCY MOTION FOR ORDER (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE ON ACCOUNT OF PRE-PETITION INVOICES; (2) AUTHORIZING PAYMENT OF INVOICES OF PREPETITION UTILITY SERVICES; (3) APPROVING DEBTOR'S METHOD OF FURNISHING ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES; AND (4) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT**

       Universal Towers Construction, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 105(a) and 366, requests this Court for entry of an order: (i) prohibiting utilities providers from altering, refusing or discontinuing service on account of pre-petition invoices; (ii) authorizing the Debtor to pay any invoices for prepetition utility services; (iii) approving the Debtor's proposed adequate assurance of payment; and (iv) establishing procedures for determining additional requests for adequate assurance of payment. In further support of the Motion, the Debtor respectfully states as follows:

**JURISDICTION AND VENUE**

       1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief sought herein are sections 105(a), 363 and 507 of the Bankruptcy Code, and Local Rule 2081-1.

## BACKGROUND

2.      On July 3, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Unites States Code (the "Bankruptcy Code"), initiating this case.

3.      The Debtor is continuing in possession of its property and is operating and managing itself as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.      No trustee or examiner has been appointed, and no committees have been appointed or designated.

5.      The Debtor owns and operates the Crowne Plaza Hotel on Universal Boulevard in Orlando, Florida (the "Hotel").  The Hotel is a 400-room hotel located in the heart of Orlando's tourism center, and caters to all types of travelers.

## RELIEF REQUESTED

6.      By this Motion, the Debtor respectfully requests the entry of an order pursuant to 11 U.S.C. §§ 105(a) and 366: (i) prohibiting the Utility Providers (as defined below), from altering, refusing, or discontinuing service on account of pre-petition invoices; (ii) authorizing the Debtor to pay any invoices for prepetition Utility Services (as hereinafter defined); (iii) approving the Debtor's proposed form of adequate assurance of post-petition payment to the Utility Providers; and (iv) establishing procedures for determining requests by the Utility Providers for additional adequate assurance of payment within the meaning of § 366 of the Bankruptcy Code.

7.      Uninterrupted utility services are essential to ongoing hotel operations and to the preservation of the Debtor's going concern value. Should the Utility Providers refuse or discontinue the Utility Services, even for a brief period, the Debtor's current operations would be

further disrupted and immediate harm would likely result. Without the relief requested herein, the Debtor would have no choice but to pay whatever amounts the Utility Providers may demand in the form of deposits or other security, no matter how unreasonable, and the Debtor could be forced to seek a determination of adequate assurance from this court for each particular Utility Provider.

### The Utility Services

8.      Prior to the Petition Date, and in connection with the operation the Hotel, the entities listed on the attached **Exhibit A** (collectively, the "Utility Providers") provided to the Debtor telephone, sewer, water, gas, telecommunication, waste management, electric, and other similar services (collectively, the "Utility Services").[1]

9.      Debtor's average monthly utility expense for all Utility Services is approximately $65,000.00.

10.     Although the average monthly utility bills are not significant in the overall scheme of this case, the continued supply of Utility Services is nonetheless essential to the continued operation of the Debtor's business and to the maintenance and preservation of the Debtor's going-concern value.

11.     The Debtor believes it is current on all utility expenses, and to the extent that any amounts are currently owed to any Utility Services providers it is because either the Debtor has not yet been billed for prepetition services or the Debtor has recently been billed for such services but payment has not yet been made in the ordinary course.

---

[1] Nothing herein shall be deemed an admission that any of the Utilities constitute "utilities" for purposes of Section 366 of the Bankruptcy Code. The order granting this motion is without prejudice to the right of the Debtor and each Utility to seek a determination that it is not a "utility."

## The Proposed Adequate Assurance

12.     The Debtor intends to pay timely all undisputed post-petition obligations owed to the Utility Providers. As additional assurance of payment, within twenty (20) days after the Petition Date, the Debtor proposes to make a cash deposit with each Utility Provider in an amount equal to the Debtor's calculation of the cost of four weeks' worth of Utility Services based on the average invoiced amount for the four calendar months prior to the Petition Date, coupled with the Debtor's demonstrated ability to pay for post-petition Utilities services (each such deposit is referred to herein as a "Utility Deposit" and represents for each applicable Utility Provider, the "Proposed Adequate Assurance"); *provided, however*, that the Debtor proposes no Utility Deposit for any Utility Provider that already holds a deposit or prepayment equal to or greater than two weeks of Utility Services.

13.     The Debtor also seeks Court authority to pay any undisputed, pre-petition invoices for Utility Services.

14.     The Debtor projects that, with funds from operations and cash on hand, there will be sufficient cash and revenue to meet payment obligations for all Utility Services as they become due.  In addition, the Debtor has received PPP loan funds to assist with payment of Utility Services.

## Adequate-Assurance Procedures

15.     The Debtor submits that the Utility Deposits constitute adequate assurance to the Utility Providers. However, to address the right of any Utility Provider under § 366(c)(2) of the Bankruptcy Code to seek additional adequate assurance satisfactory to it, the Debtor proposes the following procedures (the "Additional Adequate Assurance Procedures") be adopted:

4

a.      Any Utility Provider desiring additional assurance of payment for Utility Services beyond the Proposed Adequate Assurance must, by no later than thirty (30) days after the date of an order granting this Motion, serve a request ("Additional Assurance Request") so that it is received by the Debtor and its counsel at the following addresses as appropriate:

> Eric S. Golden, Esq.
> Christopher R. Thompson, Esq.
> Burr Forman LLP
> 200 South Orange Avenue, Suite 800
> Orlando, FL 32801

b.      Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided and the relevant account number(s); (iii) describe any deposits, prepayments or other security currently held by the requesting Utility Provider; and (iv) explain why the requesting Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future performance.

c.      Upon the Debtor's receipt of an Additional Assurance Request at the appropriate addresses set forth above, the Debtor shall, thirty (30) days from the date the Additional Assurance Request is received (the "Resolution Period"), negotiate with the requesting Utility Provider to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtor and the requesting Utility Provider.

d.      The Debtor, in its discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Provider and without further order of the Court, and may, in conjunction with any such resolution, in its discretion, provide the requesting Utility Provider with additional adequate assurance of future payment in a form satisfactory to the Utility Provider, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtor believes such additional assurance is reasonable.

e.    If the Debtor determines that an Additional Assurance Request is not reasonable and is not able to resolve such request during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Provider ("Determination Hearing"), pursuant to § 366(c)(3)(A) of the Bankruptcy Code.[2]

f.    Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Provider making such request shall be restrained from discontinuing, altering, or refusing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

g.    Any Utility Provider that does not comply with the Additional Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it and is forbidden from discontinuing, altering, or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance).

### Subsequent Modifications of the Utility Provider List and Procedures for Subsequently Identified Utility Providers

16.    Although the Debtor has made a diligent and good-faith effort to identify all of the Debtor's Utility Services on the Utility Provider List, certain Utility Providers may have been inadvertently omitted. To the extent the Debtor identifies additional Utility Providers, the Debtor seeks authority, in its sole discretion, to amend or supplement the Utility Provider List. The Debtor will file any such amendments and serve copies of this Motion, and the order granting this motion (the "Order") on such newly-identified Utility Providers (each a "Subsequently Identified Utility Provider").

---

[2] Section 366(c)(3)(A) of the Bankruptcy Code provides that "[o]n request of a party interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment ..." 11 U.S.C. §366(c)(3)(A).

17.     The Debtor requests that any order(s) relating to this Motion be binding on all Utility Providers, regardless of when any particular Utility Provider was added to the Utility Provider List.

18.     In addition, the Debtor proposes that any Subsequently Identified Utility Provider have the right to make an Additional Assurance Request on the Adequate Assurance Notice Parties within fourteen (14) days after it receives notice of this Motion (the "Additional Assurance Request Deadline"). Any such request must be actually received by the Adequate Assurance Notice Parties by the Additional Assurance Request Deadline. If no timely Additional Assurance Request is filed, the Debtor proposes that the provisions of the Order apply to the Subsequently Identified Utility Provider. Should any Subsequently Identified Utility Provider make an Additional Assurance Request, the Debtor requests that such Subsequently Identified Utility Provider be prohibited from discontinuing, altering, or refusing service to the Debtor, including as a result of unpaid charges for prepetition services, pending resolution of such request.

## Procedures for an Untimely Additional Adequate Assurance Request

19.     In the event that any Utility Provider files and/or serves an Additional Assurance Request after the applicable deadline, the Debtor requests that such Additional Assurance Request be treated as a request under Bankruptcy Code § 366(c)(3) and shall be granted, if at all, only after the Utility Provider making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code, including § 366(c)(3), the Bankruptcy Rules, and the Local Rules of this Court.

## Prohibition on Altering, Refusing, or Discontinuing Service

20.     The Debtor respectfully requests that the Utility Providers, including any Subsequently Identified Utility Provider, be prohibited from (a) discriminating against the Debtor; (b) altering, refusing, or discontinuing service to the Debtor; or (c) requiring payment of a deposit or receipt or any other security for continued service other than the Utility Deposit, as a result of the Debtor's bankruptcy filing or any outstanding prepetition invoices.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

21.     Bankruptcy Code § 366(a) provides that a "utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title" or for late payment for service provided before an order for relief. 11 U.S.C. § 366(a).

22.     Bankruptcy Code § 366(c)(2) further provides that in a case filed under chapter 11 of the Bankruptcy Code, a utility may alter or discontinue service if, "during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2).

23.     Section 366(c)(1) of the Bankruptcy Code, defines "assurance of payment" to mean several enumerated forms of security, including a "cash deposit," while excluding from the definition certain other forms of security (e.g., administrative expense priority for a utility's claim). Under § 366(c), there is nothing to prevent a court from deciding that, on the facts of the case before it, the amount required of the Debtor to adequately assure payment to utility providers is zero or nominal.

24.     As set forth above, the Debtor proposes to place a deposit equal to two weeks of Utility Services with the Utility Providers that requests a Utility Deposit. Two weeks' coverage

has been found sufficient in other cases. *See e.g. In re Robb & Stucky Limited LLP*, Case No. 8:11-bk-2801-CED (Bankr. M.D. Fla Feb. 24, 2011); *In re Adinath Corp., et al.*, Case No. 15-16885-LMI (Bankr. S.D. Fla. May 13, 2015); *In re Great Atl. & Pac. Tea Co*., No. 11-1338, 2011 WL 5546954, at *2, 5, 10 (S.D.N.Y. Nov. 14, 2011) (affirming bankruptcy court's finding that utility providers were adequately assured payment through a two-week cash deposit). Accordingly, the Proposed Adequate Assurance provides the Utility Providers with adequate assurance of payment consistent with the requirements of Bankruptcy Code §§ 366(b) and 366(c)(1)(A)(i), to the extent possible.

25.     The Debtor anticipates having sufficient resources to pay, and intends to pay, all valid post-petition obligations for utility services in a timely manner. Accordingly, the prepetition Utility Deposits, along with the Utility Deposit Account, are adequate to assure payment throughout the course of the Debtor's Chapter 11 case. For those Utility Providers not satisfied with the Utility Deposit, the Procedures described herein above establish a reasonable process for them to request additional adequate assurance of payment.

26.     The Debtor submits that, given the foregoing, the relief requested in this motion is consistent with, and fully satisfies, the requirements of § 366 of the Bankruptcy Code. Far from offering the Utility Providers nominal, or even no, additional assurance of payment, the Debtor proposes (a) the Utility Providers hold an amount on hand equal to two weeks' worth of Utility Services based on the Debtor's anticipated usage, and (b) procedures pursuant to which the Utility Providers can seek greater or different security. When coupled with the Debtor's ability to pay through access to cash from operations and from the Debtor's PPP loan, such assurance of payment significantly alleviates - if not eliminates - any concern of nonpayment on the part of the Utility Providers, and is thus clearly "adequate."

WHEREFORE, the Debtor respectfully requests that the Court enter an Order conditionally approving this Motion in the form attached hereto as **Exhibit B** and (i) prohibiting the Utility Providers from altering or discontinuing service on account of prepetition invoices, (ii) authorizing the Debtor to pay any invoices for prepetition Utility Services; (iii) approving deposits as adequate assurance of payment for utility services, (iv) approving and establishing the Additional Adequate Assurance Procedures to determine requests for additional adequate assurance of payment; and (v) granting such other and further relief as is just and proper.

Respectfully submitted this 6th day of July, 2020.

*/s/ Christopher R. Thompson*
**Eric S. Golden**
Florida Bar No. 146846
Email: egolden@burr.com
**Christopher R. Thompson**
Florida Bar No. 93102
Email: crthompson@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL  32801
Phone: (407) 540-6600
Fax: (407) 540-6601
*Attorneys for Debtor, Universal Towers Construction, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send electronic notice to all parties registered to receive electronic notice, and by United States Mail to all parties on the attached mailing matrix, which includes all Utility Providers.

*/s/ Christopher R. Thompson*
**Christopher R. Thompson**

10

Label Matrix for local noticing
113A-6
Case 6:20-bk-03799-KSJ
Middle District of Florida
Orlando
Mon Jul  6 10:01:24 EDT 2020

Universal Towers Construction, Inc.
7800 Universal Blvd.
Orlando, FL 32819-8950

ADP
1851 N Resler Dr
#MS-100
El Paso, TX 79912-8023

ADP
5800 Windward Pkwy
Alpharetta, GA 30005-8881

ADP
P. O. Box 842875
Boston, MA 02284-2875

AT&T (IHG)
Three Ravinia Dr., Ste 100
Atlanta, GA 30346-2121

Advanced Resourcing LLC
9112 Boyce Ave
Orlando, FL 32824-8247

Amadeus Hospitality Americas I
29618 Network Place
Chicago, IL 60673-1296

Ambius LLC
P. O. Box 14086
Reading, PA 19612-4086

Andrews Filter & Supply Corp
2309 Coolidge Ave
Orlando, FL 32804-4897

Ashberry Water Condition Inc.
2450 E 4th Avenue
Tampa, FL 33605-5431

Birch Street Systems
1301 Dove Street Ste 300
Newport Beach, CA 92660-2462

Bright House
P. O. Box 7`95
Pasadena, CA 91102

Busy Bean Coffee Inc.
P. O. Box 350
Mount Pleasant, SC 29465-0350

CCR Solutions, Inc.
4351 35th Street
Orlando, FL 32811-6509

CIT
21146 Network Pl
Chicago, IL 60673-1211

CRB Hospitality Mgmt
1650 Sand Lake Rd Ste 130
Orlando, FL 32809-7686

CRB Hospitality Mgmt
1650 Sand Lake Road, Ste 101
Orlando, FL 32809-7671

Carlson Wagonlit Travel
P. O. Box 860487
Minneapolis, MN 55486-0487

Chemsearchfe
P. O. Box 971269
Dallas, TX 75397-1269

Cintas Corp
97627 Eagle Way
Chicago, IL 60678-7627

Cintas Corp
P. O. Box 630910
Cincinnati, OH 45263-0910

Commercial Drraperies Inc
7681 High Pine Rd
Orlando, FL 32819-5166

Constrazza International Construction, I
100 N.E. 3rd Ave, Ste 280
Fort Lauderdale, FL 33301-1165

Cusanos Bakery
5480 W Hillsboro Blvd
Coconut Creek, FL 33073-4307

Dex Imaging Inc
P. O. Box 17299
Clearwater, FL 33762-0299

Dex Imaging Inc.
P. O. Box 17454
Clearwater, FL 33762-0454

Dex Imaging, Inc.
5109 W Lemon St
Tampa, FL 33609-1105

Dormakaba USA Inc.
P. O. Box 890247
Charlotte, NC 28289-0247

Dormakaba USA Inc.
P. O. Box 896542
Charlotte, NC 28289-6542

Dow Jones & Co Inc.
200 Burnett Road
Chicopee, MA 01020-4615

Eckert Seamans Cherin Mellott
P. O. Box 643187
Pittsburgh, PA 15264-3187

Ecolab, Inc.
P. O. Box 100512
Pasadena, CA 91189-0512

Ecolab, Inc.
P. O. Box 32027
New York, NY 10087-2027

Ecolab, Inc.
P. O. Box 70343
Chicago, IL 60673-0343

Edward Don & Co
2562 Paysphere Circle
Chicago, IL 60674-0025

Envirostat
P. O. Box 592575
Orlando, FL 32859-2575

FPL Energy Services
P. O. Box 25426
Miami, FL 33102-5426

FedEx
P. O. Box 660481
Dallas, TX 75266-0481

FedEx
P. O. Box 94515
Palatine, IL 60094-4515

Ferguson Enterprises, Inc.
P. O. Box 100286
Atlanta, GA 30384-0286

Florida Department of Revenue
Bankruptcy Unit
Post Office Box 6668
Tallahassee FL 32314-6668

Freshpoint Central Florida
8801 Exchange Drive
Orlando, FL 32809-7675

Frontier Lighting Inc.
2090 Palmetto Street
Clearwater, FL 33765-2134

G & R Plumbing Enterprises Inc
2545 S Nashville Ave
Orlando, FL 32805-5255

Grainger
Dept 859552556
Kansas City, MO 64141-6267

Granite
P. O. Box 982119
Boston, MA 02298-3119

Granite Telecommunications LLC
100 Newport Avenue Ext
Quincy, MA 02171-2126

Granite Telecommunications LLC
P. O. Box 983119
Boston, MA 02298-3119

Guest Supply Inc.
P. O. Box 6771
Somerset, NJ 08875-6771

HCA
P. O. Box 459
Grafton, IL 62037-0459

HD Supply Facilities Maint
P. O. Box 509058
San Diego, CA 92150-9058

Halperns Steak & Seafood
P. O. Box 116421
Atlanta, GA 30368-6421

(p)HEART OF THE HOUSE HOSPITALITY
2346 S LYNHURST DR STE A201
INDIANAPOLIS IN 46241-5168

Heart of the House Hospitality
P. O. Box 823424
Philadelphia, PA 19182-3424

Highrock Partners LLC
2194 Briarhurst Dr
Highlands Ranch, CO 80126-2605

Holiday Hospitality Franchising, Inc.
ATTN: Vice President
Franchise Administration & Licensing
Three Ravinia Dr, Ste 2900
Atlanta, GA 30346-2143

I-Ride Trolley
7081 Grand National Dr, Ste 105
Orlando, FL 32819-8376

Industrial Laundry Services LL
2302 Mercator Drive, Ste 102
Orlando, FL 32807-5300

Innerworkings Inc.
7503 Solutions Ctr
Chicago, IL 60677-7005

Internal Revenue Service
Post Office Box 7346
Philadelphia PA 19101-7346

Interstate Hotels Company
c/o Interstate Hotels & Resorts Inc
ATTN: Chief Admin Officer & Gen Counsel
4501 N Fairfax Dr., Ste 500
Arlington, VA 22203-1668

Iron Mountain
P. O. Box 27128
New York, NY 10087-7128

Johnstone Supply
1651 S Rio Grande Avenue
Orlando, FL 32805-4442

Kone Inc.
One Kone Court
Moline, IL 61265-1380

Lapin Septic Tank Service Inc
3031 40th Street
Orlando, FL 32839-8624

M7 Services LLC
19747 Highway 59 N #340
Humble, TX 77338-3536

M7 Services LLC
654 N SH Pkwy E, Ste 110
Houston, TX 77060-5903

Massey Services Inc.
P. O. Box 547668
Orlando, FL 32854-7668

Mid-America Telephone Systems
618 Cepi Drive Ste A
Chesterfield, MO 63005-1365

Milestone Internet Marketing
3001 Oakmead Village Drive
Santa Clara, CA 95051-0833

Minuteman Press Sand Lake
7751 Kingspointe Pkwy Ste 117
Orlando, FL 32819-6503

Mood Media
P. O. Box 71070
Charlotte, NC 28272-1070

Nalco Co LLC
P. O. Box 70716
Chicago, IL 60673-0716

Nalco Co LLC
P. O. Box 730005
Dallas, TX 75373-0005

Navisite Inc.
P. O. Box 10138
Uniondale, NY 11555-0138

Nor1 Inc
3945 Freedom Cir Ste 600
Santa Clara, CA 95054-1270

OUC
P. O. Box 31329
Tampa, FL 33631-3329

Ocean Bank
780 NW 42nd Ave Ste 400
Miami, FL 33126-5542

Ocean Bank
c/o Gregory S. Grossman, Esq.
1111 Brickell Ave. Ste 1250
Miami, FL 33131-3123

Onpeak
8313 Collection Center Dr
Chicago, IL 60693-0083

Oracle America Inc.
P. O. Box 203448
Dallas, TX 75320-3448

Orange County Tax Collector
PO Box 545100
Orlando FL 32854-5100

Over the Top Rental Linens
6501 N Andrews Ave
Fort Lauderdale, FL 33309-2131

Plaza Resort Shoppes
9187 Ridge Pine Trl
Orlando, FL 32819-4821

Profitsword
9355 Cypress Cove Drive
Orlando, FL 32819-5324

Profitsword
P. O. Box 865342
Orlando, FL 32886-5342

Proscape
285 E Oak Ridge Rd
Orlando, FL 32809-4140

RD Pool Maint Inc
2353 N Stewart St
Kissimmee, FL 34746-3046

Red Hawk Fires & Security LLC
P. O. Box 530212
Atlanta, GA 30353-0212

Red Hawk Fires & Security LLC
P. O. Box 842422
Boston, MA 02284-2422

Royal Cup Inc.
P. O. Box 841000
Dallas, TX 75284-1000

Sheraton Lake Buena Vista
12205 Apopka-Vineland Rd
Orlando, FL 32836-6804


Sherwin Williams
8414 S. Orange Blossom Trail
Orlando, FL 32809-7906

Shoes for Crews Inc
250 S. Australian Avenue
West Palm Beach, FL 33401-5018

Shred-It USA
23166 Network Pl
Chicago, IL 60673-1252


Shred-It USA
28883 Network Pl
Chicago, IL 60673-1288

Shred-It USA
P. O. Box 101007
Pasadena, CA 91189-1007

Skal Intl Orlando
P. O. Box 720423
Orlando, FL 32872-0423


Southern Aluminum
P. O. Box 884
Magnolia, AR 71754-0884

Squirrel Systems
PMB 740
Blaine, WA 98230-4033

Staples Business Advantage
P. O. Box 70242
Philadelphia, PA 19176-0242


Summit Broadband
P. O. Box 10822
Naples, FL 34101-0822

Summit Broadband Inc.
4558 35th Street Ste 100
Orlando, FL 32811-6541

Sunbrite Outdoor Furniture Inc.
610 Irene Street
Orlando, FL 32805-1050


Superior Fire
397 Enterprise St. Ste C
Ocoee, FL 34761-3035

System Tech Services Inc
851 Central Park Dr
Sanford, FL 32771-6602

TG Lee Dairy
P. O. Box 746108
Atlanta, GA 30374-6108


TWC Services Inc
5080 Highlands Pkwy, Ste A150
Smyrna, GA 30082-5155

TWC Services Inc
P. O. Box 1612
Des Moines, IA 50306-1612

Talentwise
P. O. Box 3876
Seattle, WA 98124-3876


Team Travel Source
12910 Shelbyville Road Ste 215
Louisville, KY 40243-1594

Teco
P. O. Box 31318
Tampa, FL 33631-3318

The Battery Bank
2565 Pemberton Drive
Apopka, FL 32703-9458


The Battery Bank
4502 35th Street #700
Orlando, FL 32811-6547

Tingue Brown & Co
P. O. Box 824619
Philadelphia, PA 19182-4619

Travelclick Inc
300 N Martingale Rd Ste 650
Schaumburg, IL 60173-2089


Travelclick Inc
P. O. Box 71199
Chicago, IL 60694-1199

UPS Freight
P. O. Box 7247-0244
Philadelphia, PA 19170-0001

US Foodservice Inc.
P. O. Box 198421
Atlanta, GA 30384-8421

Uniquest
P. O. Box 306225
Nashville, TN 37230-6225

Visit Orlando
6277 Sea Harbor Dr, Ste 400
Orlando, FL 32821-8043

Waste Connect
1099 Miller Drive
Altamonte Springs, FL 32701-2069


Waste Connections of Florida
P. O. Box 535233
Pittsburgh, PA 15253-5233

Waste Connections of Florida
P. O. Box 742695
Cincinnati, OH 45274-2695

Whaley Parts & Supply
P. O. Box 615
Lexington, SC 29071-0615


Whaley Parts & Supply
P. O. Box 890962
Charlotte, NC 28289-0962

Winter Park Photography
1808 Magnolia Ave
Winter Park, FL 32789-6312

Eric S Golden +
Burr & Forman LLP
200 S. Orange Avenue, Ste 800
Orlando, FL 32801-6404


United States Trustee - ORL +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Heart of the House Hospitality
2346 S. Lynhurst Dr, Ste A201
Indianapolis, IN 46241-5168


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Summit Broadband Inc.
P. O. Box 10822
Naples, FL 34101-0822

End of Label Matrix
Mailable recipients   129
Bypassed recipients     1
Total                 130

Exhibit A

| Vendor | Address | Service | Balance Due | Deposit Amount |
|---|---|---|---|---|
| OUC | PO Box 31329, Tampa, FL 33631-3329 | Electric | $ 0.00 | $35,000 |
| OUC | PO Box 31329, Tampa, FL 33631-3329 | Water | $ 0.00 | |
| OUC | PO Box 31329, Tampa, FL 33631-3329 | Sewer | $ 0.00 | |
| Waste Connections | 1099 Miller Drive, Altamonte Springs, FL 32701-2069 | Waste | $ 4,319.08 | |
| Bright House Networks | PO Box 7195, Pasadena, CA 91109-7195 | Telephone | $ 1,018.37 | |
| AT&T (IHG) | Three Ravinia Drive, Suite 100, Atlanta, GA 30346 | Internet | $ 1,220.40 | |
| Granite Telecommunications | PO Box 982119, Boston, MA 02298-3119 | 800#'s | $ 1,820.90 | |
| FPL Energy Services | PO Box 25426, Miami, FL 33102-5426 | Gas | $ 0.00 | |
| TECO Energy Gas (acct ending # 6069) | PO Box 31318, Tampa, FL 33631-3318 | Gas | $ 0.00 | $2,494.00 |
| TECO Energy Gas (acct. ending #6036) | PO Box 31318, Tampa, FL 33631-3318 | Gas | $ 0.00 | $3,745.00 |

11

# Exhibit B

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

UNIVERSAL TOWERS CONSTRUCTION,     CASE NO. 6:20-bk-03799
INC.,     Chapter 11

     Debtor.
_____/

**ORDER CONDITIONALLY GRANTING DEBTOR'S EMERGENCY MOTION
FOR ORDER (1) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR
DISCONTINUING SERVICE ON ACCOUNT OF PRE-PETITION INVOICES;
(2) AUTHORIZING PAYMENT OF INVOICES OF PREPETITION UTILITY
SERVICES; (3) APPROVING DEBTOR'S METHOD OF FURNISHING ADEQUATE
ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES; AND
(4) ESTABLISHING PROCEDURES FOR DETERMINING ADDITIONAL
<u>REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT</u>**

> **Any interested party who fails to file and serve a written objection to
> the motion (as conditionally approved by this Order) within 30 days
> after entry of this Order, shall be deemed to have consented to the
> provisions of this Order.**

THIS CASE came on for consideration without a hearing on the Debtor's Emergency

Motion for Order (1) Prohibiting Utilities From Altering, Refusing or Discontinuing Service on

Account of Pre-Petition Invoices; (2) Authorizing Payment of Invoices of Prepetition Utility

Services; (3) Approving Debtor's Method of Furnishing Adequate Assurance of Payment for Post-

Petition Utility Services; and (4) Establishing Procedures for Determining Additional Requests for

Adequate Assurance Of Payment (Doc. No. __) (the "Motion") filed by the Debtor. The Court,

having reviewed the Motion, it is:

**ORDERED**:

1.      The Motion (Doc. No. __) is conditionally granted.

2.      The Debtor receives services from the following utility providers (collectively the

"Utility Providers"):

| Name and Address of Company | Type of Service |
|---|---|
| OUC<br>PO Box 31329, Tampa, FL 33631-3329 | Electric |
| OUC<br>PO Box 31329, Tampa, FL 33631-3329 | Water |
| OUC<br>PO Box 31329, Tampa, FL 33631-3329 | Sewer |
| Waste Connections<br>1099 Miller Drive, Altamonte Springs, FL 32701-2069 | Waste |
| Bright House Networks<br>PO Box 7195, Pasadena, CA 91109-7195 | Telephone |
| AT&T (IHG)<br>Three Ravinia Drive, Suite 100, Atlanta, GA 30346 | Internet |
| Granite Telecommunications<br>PO Box 982119, Boston, MA 02298-3119 | 800#'s |
| FPL Energy Services<br>PO Box 25426, Miami, FL 33102-5426 | Gas |
| TECO Energy Gas (acct ending # 6069)<br>PO Box 31318, Tampa, FL 33631-3318 | Gas |
| TECO Energy Gas (acct. ending #6036)<br>PO Box 31318, Tampa, FL 33631-3318 | Gas |

3.      The Debtor's proposal to provide adequate assurance of payment to the Utility

Providers, as stated in the Motion and as follows, satisfies 11 U.S.C. § 366 and is APPROVED:

(1) the Debtor shall timely pay all undisputed post-petition obligations owed to the Utility

Companies in the ordinary course of business; (2) within twenty (20) days after the Petition Date,

the Debtor shall make a cash deposit with each Utility Company in an amount equal to the Debtor's calculation of the cost of four weeks' worth of Utility Services based on the average invoiced amount for the four calendar months prior to the petition date; *provided*, *however*, that the Debtor shall not pay any additional utility deposit to any Utility Company that already holds a deposit or prepayment equal to or greater than four weeks of Utility Services; and (3) the Debtor shall pay, and is hereby authorized to pay, all outstanding pre-petition invoices for utility services.

4.      Any written objections to the Motion shall be filed with the Court and served on the Debtor and Debtor's counsel within thirty (30) days from the entry of this Order. If no timely objections are filed, this order will be final without further notice or hearing. Timely filed objections shall be set for hearing.

5.      The Debtor's proposal for Additional Adequate Assurance Procedures, as stated in the Motion, are APPROVED.  Any Utility Provider desiring additional assurance of payment for Utility Services beyond the Proposed Adequate Assurance must, no later than thirty (30) days after the date of this Order, serve a written Additional Assurance Request on Debtor's counsel setting forth (i) the location and account number(s) for such Utility Service(s); (ii) describing any deposits, prepayments, or other security currently held by the requesting Utility Provider, and (iii) explaining why the Proposed Adequate Assurance is not sufficient adequate assurance of future performance.

6.      The Utility Providers shall continue to provide utility services to the Debtor without interruption if the Debtor complies with the provisions in this order. Utility Providers may not alter, refuse, terminate or discontinue utility service to or discriminate against the Debtor due to the commencement of this Chapter 11 case or due to any outstanding prepetition invoices for utility service.

7.      Debtor shall serve a copy of this Order on the Utility Providers and any other interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this Order.