UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

UNIVERSAL TOWERS CONSTRUCTION, INC.,

CASE NO. 6:20-bk-03799-KSJ
Chapter 11

　　　　Debtor.
_____/

## NOTICE OF FILING AMENDED DECLARATION
## IN SUPPORT OF FIRST DAY MOTIONS

Debtor, Universal Towers Construction, Inc., by and through its undersigned counsel, hereby gives notice of filing the attached Amended Declaration of Lis Oliveira-Sommerville in Support of Debtor's First Day Motions.

Respectfully submitted this 8th day of July, 2020.

*/s/ Christopher R. Thompson*
**Eric S. Golden**
Florida Bar No. 146846
Email:  egolden@burr.com
**Christopher R. Thompson**
Florida Bar No. 93102
Email:  crthompson@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL  32801
Phone: (407) 540-6600
Fax: (407) 540-6601
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send electronic notice to all parties registered to receive electronic notice.

*/s/ Christopher R. Thompson*
Christopher R. Thompson

43780206 v1

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

UNIVERSAL TOWERS CONSTRUCTION, INC.,

CASE NO. 6:20-bk-03799-KSJ
Chapter 11

Debtor.

_____/

### AMENDED DECLARATION OF LIS OLIVEIRA-SOMMERVILLE IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS

I, LIS OLIVEIRA-SOMMERVILLE, hereby declare under penalty of perjury:

1. I am the current President of Universal Towers Construction, Inc., the debtor and debtor-in-possession (the "Debtor"). I have served in this role since June 16, 2020, but I have been employed by the Debtor for eleven (11) years, in various other roles, and primarily as the Executive Assistant to the former President. In my capacity as President of the Debtor, I am familiar with the Debtor's day-to day operations, business and financial affairs, and books and records.

2. I submit this declaration in support of the following Emergency Motions (collectively, the "First Day Motions") filed by the Debtor:

   a. *Debtor's Emergency Motion for Order (1) Prohibiting Utilities From Altering, Refusing or Discontinuing Service on Account of Pre-Petition Invoices; (2) Authorizing Payment of Invoices of Prepetition Utility Services; (3) Approving Debtor's Method of Furnishing Adequate Assurance of Payment for Post-Petition Utility Services; and (4) Establishing Procedures for Determining Additional Requests for Adequate Assurance Of Payment* (Doc. No. 3)

   b. *Debtor's Emergency Motion for Authority to Maintain Prepetition Bank Accounts* (Doc. No. 5)

   c. *Debtor's Emergency Motion for Authority to Pay Prepetition Wages and Salaries* (Doc. No. 7)



43768015 v2

    d. *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 13)

3. Except as otherwise stated herein, all facts in this declaration are based upon my personal knowledge, discussions with the Debtor's management team and advisors, and my review of relevant documents and information concerning the Debtor's operations and financial affairs. I am over the age of eighteen and I am authorized to submit this declaration on behalf of the Debtor. If called upon to testify, I could and would testify competently to the facts set forth in this declaration.

### Preliminary Statement

4. The Debtor owns and operates the Crowne Plaza Hotel on Universal Boulevard in Orlando, Florida (the "Hotel"), including the real property commonly known as 7800 Universal Blvd., Orlando, Florida (the "Property"). The Hotel is a 400-room hotel located in the heart of Orlando's tourism center, and caters to all types of travelers.

5. The Debtor has operated the Hotel for over twenty years. The Hotel's occupancy rates historically have been very high, and the Hotel has operated on a cash flow positive basis.

6. The ongoing COVID-19 pandemic has had a significant and devastating impact on the Hotel's occupancy rates and, consequently, its revenues. As just one example, the occupancy rate at the Hotel in April 2020 was **7.2%**, compared to nearly **100%** a year prior in 2019. In response to the precipitous drop in the Hotel's occupancy rates, the Debtor was forced to furlough three employees and to lay off or terminate twenty-seven (27) employees.

7. Compounding the Debtor's problems, on March 13, 2020, the Debtor's minority shareholder, Constrazza International Construction, Inc. ("Constrazza"), obtained a Final Judgment pursuant to § 607.1436, Fla. Stat., in a lawsuit initiated by Constrazza nearly four years ago in Orange County, Florida Circuit Court (the "Judgment"). Pursuant to the Judgment, and the Supplement to Final Judgment Dated March 13, 2020 *nunc pro tunc* Awarding Pre-

judgment Interest, entered on May 29, 2020, the Circuit Court (i) found that Constrazza held 35% of the outstanding shares of the Debtor, (ii) valued Constrazza's shares at $9,605,128.40, plus interest in the amount of $2,067,515.41, and (iii) ordered the Debtor to pay Constrazza the total amount of $11,672,643.81 pursuant to § 607.1436, Fla. Stat. Constrazza has subsequently taken steps to enforce the Judgment, including by filing a judgment lien certificate, recording the Judgment in the Orange County, Florida public records, and having the Orange County Sheriff serve a Notice of Levy with respect to the Hotel property on July 1, 2020.

8. Accordingly, the Debtor has filed this chapter 11 proceeding to stop the threat of a forced sheriff's sale of the Hotel, to allow the Debtor and the Hotel time to recover from the ongoing pandemic, and to ensure the Debtor is able to maximize the value of the Hotel for all creditors and stakeholders.

### Factual Support for the First Day Motions

9. I have consulted with the Debtor's financial advisor, Juan Gonzalez, and the Director of Finance for the Hotel, Hiram Brown, regarding each of the First Day Motions and the relief requested therein. To the best of my knowledge and belief, the factual statements contained in each of the First Day Motions are true and accurate and each such factual statement is incorporated herein by reference.

10. I believe that the relief requested in the First Day Motions is necessary, in the best interests of the Debtor's estate, its creditors, and all other parties in interest, and will allow the Debtor to operate with minimal disruption and maximum value preservation during the pendency of this chapter 11 case. Failure to grant the relief requested in any of the First Day Motions may result in immediate and irreparable harm to the Debtor, its business, and its estate. Accordingly, for the reasons set forth herein and in each respective First Day Motion, the Court should grant the relief requested in each of the First Day Motions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Respectfully submitted,
Dated July 7, 2020

/s/ Lis Oliveira-Sommerville
Name: Lis Oliveira-Sommerville
Title: President of Universal Towers Construction, Inc.